# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TUWAYNE BELL, | ) |
| Plaintiff, | ) |
| | ) Case No. 14-cv-9965 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| KAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Tuwayne Bell brings this claim against Sheriff John Zaruba (in both his individual and official capacities), Supervisor Kay, Supervisor Sarah Lee, Supervisor Serafeo, Supervisor Tony, Supervisor Ms. D, A'Viands, LLC, DuPage County, and DuPage County Sheriff's Office alleging deliberate indifference to his safety under 42 U.S.C. § 1983 and a tort violation under Illinois law. Currently before the Court is Dupage County and Sheriff Zaruba's ("defendants") motion [95] to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, defendants' motion to dismiss is granted.

**Background**

The following facts are summarized from Bell's Second Amended Complaint and are taken as true for the purpose of deciding this motion. Bell was a pretrial detainee at the Dupage County Jail. On April 8, 2013, Bell was working in the jail's kitchen. A wheel malfunctioned on a cart Bell was using to transport boiling water, which spilled and burned Bell. A doctor diagnosed Bell with second-degree burns to his foot. Bell asserts that his injury occurred because of a lack of protective

1

equipment despite numerous requests by inmates for proper protective gear for those who work in the kitchen.

In Count I, Bell alleges that the defendants were deliberately indifferent to his injuries in violation of 42 U.S.C. § 1983. In Count II, Bell alleges vicarious liability against DuPage County and A' Viands, LLC for the deliberate indifference of their supervisor-employees. Finally, in Count III, Bell alleges a violation of the Local Government and Government Employees Tort Immunity Act, 745 ILCS 10/1-206.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. To overcome a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and raises the right to relief above a speculative level, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*1. Deliberate Indifference Against Sheriff Zaruba in his Individual Capacity*

Defendants argue that Count I should be dismissed against Sheriff Zaruba. Specifically, defendants contend that Bell fails to allege that Sheriff Zaruba was personally involved with Bell's injury. To state a claim for deliberate indifference under section 1983, a plaintiff must plausibly allege that the defendant was personally responsible for the conduct that caused the alleged constitutional deprivation. *See Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015) (internal citation omitted). Put differently, the defendant must "know about the conduct and facilitate it, approve it, condone it, or

2

turn a blind eye for fear of they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (internal citation omitted).

Bell alleges that Sheriff Zaruba, along with the other defendants, "knew of the serious dangers" Bell faced while working in the kitchen but failed to take any action. Dkt. 1 at 5. However, Bell does not assert any plausible facts that Sheriff Zaruba was aware of or facilitated any serious risk of danger. His role as Sheriff, alone, does not automatically attach supervisory liability under section 1983. As such, the Court finds that Bell has not adequately stated a claim for deliberate indifference against Sheriff Zaruba. Defendants' motion to dismiss Count I as to Sheriff Zaruba in his individual capacity is granted.

*2. Deliberate Indifference Against DuPage County and Sheriff Zaruba in his Official Capacity*

Defendants argue that Bell's section 1983 claim against DuPage County and Sheriff Zaruba in his official capacity should be dismissed. To hold a municipality or officer in his official capacity liable under section 1983, a plaintiff must allege that the constitutional violation was caused by: (1) an official policy; (2) a widespread custom practice; (2) or an official with final policy-making authority. *See Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.E.d 611 (1978)). While there is no heightened pleading standard for *Monell* claims, a plaintiff must allege more than conclusory allegations. *See Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1079 (N.D. Ill. 2018) (Kendall, J.).

In his Second Amended Complaint, Bell alleges that Sheriff Zaruba "[was] responsible for the implementation of the policies, procedures, practices, and customs" that led to the alleged constitutional deprivation. Dkt. 91 at 2. But even at the pleading stage, Bell's assertions are precisely the type of conclusory allegations that are prohibited. *See id.* at 1082. Bell has not alleged any facts that allow a reasonable inference that his injury was the result of an official policy or widespread custom. *See Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (upholding district court's dismissal of

complaint failing to allege any plausible facts that a policy or widespread practice existed). Bell further argues that "a local government's inaction to prevent widespread wrongful conduct is tantamount to having a policy that allows such conduct." Dkt. 121 at 4. But Bell does not provide, and the Court has not found, any legal authority in support of this argument. An accident does not, in and of itself, conclusively demonstrate an official policy or widespread custom. Accordingly, the Court finds that Bell has not stated a section 1983 claim against DuPage County or Sheriff Zaruba in his official capacity.

*3. Tort Claim*

Finally, Count III is untimely. The Local Government and Governmental Employees Tort Immunity Act prevents any action from being filed against a public entity or its employees more than one year after alleged the incident. 745 ILCS 10/8-101(a); *Snyder v. Village of Midlothian*, 302 F.R.D. 231, 233-34 (N.D. Ill. 2014). In this case, Bell alleges that his injury occurred on April 8, 2013. However, Bell's original complaint was not filed until December 10, 2014, more than eight months past the one-year statute of limitations. As such, Count III is dismissed.

**Conclusion**

For the reasons explained above, Bell's complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 6/13/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge