IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TUWAYNE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-9965 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| A'VIANDS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tuwayne Bell brought a third amended complaint against defendant A'Viands, LLC for events that happened while he was a pretrial detainee at the DuPage County Jail. This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court grants in part and denies in part defendant's motion.

**Background**

The following facts are summarized from Bell's third amended complaint and are taken as true for the purpose of deciding this motion. Defendant A'Viands is a Minnesota limited liability company that contracted to manage food services at the DuPage County Jail. At the time of the incident, Bell was a pretrial detainee at the DuPage County Jail. On April 8, 2013, Bell was working in the jail's kitchen. A rusted wheel malfunctioned on a cart Bell was using to transport boiling water, which spilled and burned his left foot. A jail doctor diagnosed Bell with second-degree burns and prescribed medications to relief Bell's pain. Nonetheless, Bell asserts that he still experiences pain and that his left foot is permanently disfigured. Bell maintains that his injury occurred because of a lack of protective equipment despite numerous requests for proper protective gear for those who work in the kitchen.

In Count I, Bell alleges that the defendant was acting under the color of state law when providing essential government services and was deliberately indifferent to his injuries in violation of his due process rights under the Fourteenth Amendment. *See* 42 U.S.C. § 1983. In Count II, Bell alleges vicarious liability against defendant. There is no Count III. In Count IV, Bell brings a negligence claim against defendant. Defendant A'Viands is the only defendant named in the third amended complaint, and in his response brief, Bell makes clear that he is not suing any of A'Viands' individual employees.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Defendant first argues that both Bell's deliberate indifference and negligence claims rely upon an event that "separate and distinct" from the event underlying his earlier complaints, and therefore, his new claims do not relate back as required under Rule 15(c) for statute of limitations purposes. "Under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir.

2

2011) (citation omitted); Fed. R. Civ. P. 15(c)(1)(B). "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (citation omitted).

Here, Bell relies upon the same incident that he did in his earlier complaints, namely, that on April 8, 2013, he was working in the jail's kitchen when he spilled boiling water that burned his foot. Bell also added allegations to his latest complaint that on several occasions he and his co-workers complained to defendant about getting burns on their hands and wrists while working in the kitchen's stoves. Bell is not alleging that these "occasions" comprise a new and separate incident, but instead, he set forth these allegations as background to show that defendant was aware that detainees suffered injuries while working at the county jail's kitchen. Defendant's argument is thus unavailing.

Next, defendant argues that Bell has failed to sufficiently allege his deliberate indifference claim in Count I. Because Bell was a pretrial detainee at the time of the incident, he must allege that defendant's actions were "objectively unreasonable" and caused his injuries. *Pulera v. Sarzant,* 966 F.3d 540, 550 (7th Cir. 2020). And, because Bell is bringing this claim against A'Viands acting under the color of state law and not any individual employees, Bell's claim must also fit the policy or custom framework under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), keeping in mind that "[i]ndividual liability is not a prerequisite for a *Monell* claim." *Burton v. Ghosh*, 961 F.3d 960, 972 (7th Cir. 2020).

In his third amended complaint, Bell alleges that defendant was deliberately indifferent to his safety while he worked in the kitchen at the DuPage County Jail and that defendant had a widespread practice, custom, or policy of disregarding kitchen safety concerns, even though kitchen

staff put defendant on notice of these safety issues. Bell further asserts that defendant did not provide sufficient safety equipment and the kitchen tools and utilities were in disrepair and posed a danger to kitchen workers. In addition, Bell alleges that defendant's acts and omissions caused his injuries. Under these allegations, Bell has plausibly alleged that defendant's unreasonable conduct cause his injuries. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (To survive a motion to dismiss, a complaint "must give enough details about the subject matter of the case to present a story that holds together.") (citation omitted).

Further, because Bell is directly suing defendant A'Viands and not its employees, Bell's vicarious liability claim as alleged in Count II is unnecessary. Last, defendant is not challenging Bell's negligence claim in Count IV, so it stands.

**Conclusion**

Based on the foregoing, the Court grants in part and denies in part defendant's Rule 12(b)(6) motion to dismiss with prejudice [141]. The remaining claims in this lawsuit include plaintiff's deliberate indifference claim alleged in Count I and negligence claim as alleged in Count IV.

**IT IS SO ORDERED.**

Date: 10/7/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4